# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| ARNOLD and NANCY BENTLEY, | : | Case No. **1:04CV460** |
| Plaintiffs, | : | (Judge **SPIEGEL, J.**<br>Magistrate Judge Black |
| v. | : | COMPLAINT<br>AND JURY DEMAND |
| JEFF McCARTY, | : | |
| and | : | |
| KENNETH DICK, | : | |
| and | : | |
| RICHARD DEMINT | : | |
| and | : | |
| SHAWN COOLEY | : | |
| Defendants. | : | |

04 JUL 14 PM 2:01

g:\f&f\civilrights\bentley, arnold\complaint.doc

## I: **INTRODUCTION**

1. This action seeks actual and punitive damages for Defendants' violations of Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution by planting and/or fabricating evidence in order to obtain a search warrant for Plaintiffs' property, in order to illegally arrest Plaintiffs, and in order to illegally prosecute Plaintiffs.

## II: **JURISDICTION AND VENUE**

2. Jurisdiction in this cause is proper under 28 U.S.C. §§ 1331 and 1343. The substantive federal claims are brought under 42 U.S.C. § 1983. Venue is proper in this District under 28 U.S.C. § 1391(b), since the incidents giving rise to the causes of action alleged herein took place in this district and Defendants may be found in this District.

## III: **PARTIES**

3. Each Plaintiff is a resident of Adams County, Ohio, and a citizen of the United States.

4. Defendant McCarty was at all pertinent times a detective with the Adams County, Ohio, Sheriff's Department.

5. Defendant Kenneth Dick was at all pertinent times an investigator for the Adams County Prosecutor's Office.

6. Defendant Richard DeMint was at all pertinent times a detective with the Adams County, Ohio, Sheriff's Department

7. Defendant Shawn Cooley was at all pertinent times an officer with the Adams County, Ohio, Sheriff's Department

## IV. FACTS

8. On July 15, 2002, Defendant McCarty, with the aid of Defendant Dick, prepared an affidavit for Defendant McCarty to sign, the purpose of which was to obtain a search warrant for Plaintiffs' property. True copies of the affidavit and warrant are attached hereto as Exhibit A.

9. On information and belief, the affidavit prepared by Defendants McCarty and Dick contained statements of fact which said Defendants knew to be false, including statements concerning a confidential informant.

10. To the best of Plaintiffs' information and belief, either this confidential informant did not exist or the statements ascribed to the confidential informant were false.

11. Later the same day Defendants appeared on Plaintiffs' property in Adams County, Ohio, and obtained from that property a quantity of white powder. On information and belief, Defendants either planted the white powder on the premises, caused the confidential informant to plant the white

3

powder on the premises earlier in the day, or obtained the white powder from Plaintiffs' barn and later switched its contents.

12. Plaintiffs were arrested the same day and charged with felony possession of cocaine.

13. At trial the State presented evidence of white powder identified as cocaine.

14. On information and belief, if Defendants found the white powder in Plaintiffs' barn, Defendants later discarded said powder replaced it with cocaine.

15. On information and belief, if Defendants planted the evidence on Plaintiffs' property, or had the confidential informant plant the evidence on Plaintiffs' property, Defendants' later tampered with the evidence in order to make Plaintiffs' guilt more likely.

16. The jury at Plaintiffs' criminal trial acquitted Plaintiffs of the only charge against them.

17. At no time did Defendants, or the State of Ohio, have probable cause either to arrest Plaintiffs, to hold Plaintiffs in custody, or to prosecute Plaintiffs for any crime.

## V: FIRST CAUSE OF ACTION (FEDERAL CONSTITUTION, FOURTH AMENDMENT)

18. Plaintiffs reassert and reallege each and every allegation set forth above as if fully rewritten herein.

19. Each of the above-described actions was taken under color of state law and deprived Plaintiffs of their rights guaranteed by the Fourth Amendment to the United States Constitution not to be arrested or otherwise seized, not to be held in custody, and/or not to be prosecuted without probable cause, all in violation of 42 U.S.C. § 1983.

20. As a result of the above-described conduct, each Plaintiff has suffered actual damages in an amount to be proved at trial, including the embarrassment and humiliation caused by Defendants' conduct.

21. Defendants' conduct was intentional and/or constituted the reckless disregard of known facts.

## VI: SECOND CAUSE OF ACTION (FEDERAL CONSTITUTION, FOURTEENTH AMENDMENT)

22. Plaintiffs reassert and reallege each and every allegation set forth above as if fully rewritten herein.

23. Defendants' conduct in planting and/or fabricating evidence constituted a denial of Plaintiffs' substantive due process rights in violation of 42 U.S.C. § 1983.

24. As a result of the above-described conduct, each Plaintiff has suffered actual damages in an amount to be proved at trial, including the embarrassment and humiliation caused by Defendants' conduct.

25. Defendants' conduct was intentional and/or constituted the reckless disregard of known facts.

## VII: <u>THIRD CAUSE OF ACTION (FEDERAL CONSTITUTION, FOURTH AMENDMENT)</u>

26. Plaintiffs reassert and reallege each and every allegation set forth above as if fully rewritten herein.

27. The above conduct contains all of the elements of an Ohio malicious prosecution claim and may therefore serve as the basis for a claim based upon the deprivation of Plaintiffs' Fourth Amendment rights, in violation of 42 U.S.C. § 1983.

28. As a result of the above-described conduct, each Plaintiff has suffered actual damages in an amount to be proved at trial, including the embarrassment and humiliation caused by Defendants' conduct.

29. Defendants' conduct was intentional and/or constituted the reckless disregard of known facts.

## VI:  **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request that this Court:

    a.    Assume jurisdiction of this action;

    b.    Declare that Defendants' actions violated the Constitution of the United States;

    c.    Enter judgment against Defendants and in favor of Plaintiffs;

    d.    Order that each Plaintiff recover punitive damages in the amount of $1,000,000;

    e.    Award Plaintiffs all costs incurred in the prosecution of this action, including a reasonable attorney fee pursuant to 42 U.S.C. § 1988 and any other applicable statute or common-law doctrine; and

    f.    Order such other and further relief as the Court deems just and proper, at law or in equity.

Respectfully submitted,

Stephen R. Felson (0038432)
617 Vine Street
Suite 1401
Cincinnati, Ohio 45202
(513) 721-4900
Fax: (513) 639-7011
Email: stevef8953@aol.com
Trial Counsel for Plaintiffs

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a jury trial on all issues so triable.

Stephen R. Felson (0038432)
Trial Counsel for Plaintiffs

8