UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ARNOLD BENTLEY, et al., :
: NO. 1:04-CV-00460
    Plaintiffs, :
: **OPINION AND ORDER**
:
  v. :
:
:
JEFF McCARTY, et al., :
:
    Defendants. :

       This matter is before the Court on the Plaintiffs' Motion to Release Grand Jury Transcript (doc. 23), the Defendants' Memorandum in Opposition to Plaintiffs' Motion to Compel Identity of Confidential Informant and Motion to Release Grand Jury Transcript (doc. 25), and Reply Memorandum in Support of Plaintiffs' Motions to Compel and to Release Grand Jury Transcript (doc. 26). The Plaintiffs specifically request that the Court order the release of the grand jury transcript from Nancy and Arnold Bentley's criminal prosecution in Adams County, Ohio (doc. 23). Also pending before the Court is the Plaintiffs' Motion to Compel the Identity of the Confidential Informant (doc. 20), which, as noted above, was addressed in Defendants' Memorandum in Opposition.

       The Defendants in this matter, certain Adams County, Ohio law enforcement personnel, executed a search warrant of the

Plaintiffs' home on July 15, 2002 (doc. 20).  A confidential informant ("CI") provided the information which secured the warrant (Id.).  The CI reported seeing someone buy an ounce of cocaine from Plaintiffs in the early morning of July 15, 2002 at a mobile home located on the Plaintiffs' property (Id.).  Defendants maintain that while searching the Plaintiffs' property  that a drug dog discovered a ziplock bag within a paper bag (Id.).  The ziplock bag contained a white powdery substance that the Defendants maintain was cocaine (Id.).  The Defendants aver that this cocaine was found underneath the mobile trailer described by the CI (Id.).

However, the Plaintiffs maintain that while the search warrant was being executed that one of the Defendants entered the Plaintiffs' barn and exit with a paper sack that the Plaintiffs believe contained "deer cocaine"[1] (Id.).  The Plaintiffs submit that they routinely stored deer cocaine in their barn (Id.).  The Plaintiffs deny ever possessing and/or selling cocaine (Id.).  The Plaintiffs were charged with possession of cocaine in an amount that equals or exceeds 100 grams but is less than 500 grams - ultimately, the Plaintiffs were found not guilty (Id.).

Judge Spencer of Adams County, Ohio issued an order in which he stated:

---

[1] Deer cocaine is a habit forming mineral that attracts deer and is often used by hunters to lure deer.

> The Court . . . finds that evidentiary matters and issues relating to discovery in a federal court proceeding are not within the jurisdiction of this Court and by granting said motion this Court would be intervening in a federal court matter and would in affect be compelling discovery for which it has no authority.  The Court feels that discovery issues regarding the matter of [Bentley v. McCarty, No. 1:04-CV-00460 (S.D. Ohio)] . . . are best determined  by the federal court which can [order release of] the transcripts in that matter.

Ohio v. Bently, Nos. 20020088 & 20020089 (Adams County, Ohio).  As such, the Plaintiffs turn to this Court to determine whether the transcript should be released (doc. 23).

The United States Supreme Court in Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211 (1979) sets forth the standard courts must apply in determining whether to disclose grand jury transcripts for use in a civil action:

> The party seeking grand jury transcripts . . . must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed . . . [D]isclosure is appropriate only in those cases where the need for it outweighs the public interest in secrecy, and . . . the burden of demonstrating this balance rests upon the private party seeking disclosure . . . [A]s the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification.

Id. at 222-23.  Plaintiffs note that courts have found disclosure

appropriate to impeach witnesses at trial, to refresh a witness' recollection, or to test a witness' credibility. Id. at 222, n. 12. Plaintiffs highlight language from Horizon of Hope Ministry v. Clark Cty, 115 F.R.D. 1 (S.D. Ohio 1986 (Rice, J.). In Horizon of Hope, the court stated:

> Applying this "particularized need" test to the present request for discovery, the Court first notes that Plaintiffs' need for these grand jury transcripts is great – no other source can provide the information contained in these transcripts to the Plaintiffs. This is not the case in which Plaintiffs are attempting to use the grand jury testimony as a shortcut to discovery facts otherwise available. These grand jury proceedings are allegedly part of a conspiracy to deprive the Plaintiffs of their civil rights. Only by review of the transcripts requested can Plaintiffs possibly show that the grand jury proceedings in question were aimed at depriving them of their civil rights rather than the legitimate investigation of a criminal act.

Id. at *3. The same, argue Plaintiffs, is true in the instant matter (doc. 23).

The Plaintiffs have maintained from the moment of their arrest that the cocaine found on their property was planted (Id.). Plaintiffs submit that testimony at the suppression hearing and the criminal trial indicated that the description of the bag of cocaine changed from witness to witness (Id.). Furthermore, Plaintiffs note that at trial no witness admitted to field testing or weighing the cocaine (Id.). Plaintiffs aver that important

-4-

questions as to the identity and role of the confidential informant remain unanswered (Id.). The Plaintiffs assert that they need the grand jury transcript for possible impeachment and credibility purposes as well as to prove element of their conspiracy claim (Id.). As the criminal matter is closed, the Plaintiffs maintain that the need for disclosure outweighs the need for continued secrecy (Id.).

Defendants are opposed to this Court granting the Plaintiffs' request for release of the grand jury transcript (doc. 25). In support of their position, Defendants provide the following reasons for denying Plaintiffs' request:

> 1. Plaintiffs have not shown a "particularized need" for specific information purportedly contained within these transcripts;
>
> 2. Plaintiffs have failed to demonstrate that secrecy is no longer required.

(Id.). As to Plaintiffs' Motion to Compel, Defendants assert the following reasons for denying that Motion:

> 1. Plaintiffs have failed to meet their burden in establishing a justification to release the identity of the CI that would justify overriding governmental privilege.
>
> 2. A Court order forcing Defendants to disclose the identity of the confidential informant would discourage citizens from communicating to the government information regarding the commission of crimes, and could jeopardize the safety of this and other confidential informants.

-5-

(Id.).

Defendants argue that Plaintiffs have failed to establish a particularized need for the transcript which outweighs the need for continued secrecy (Id.). The Defendants aptly note that historically grand jury proceedings have been considered secret. See e.g., Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395 (1959). As noted by Plaintiffs and reiterated by the Defendants, in order to overcome the presumption of secrecy, the party seeking disclosure must establish a "particularized need" by showing: (1) that the material they seek is needed to avoid a possible injustice in another proceeding; (2) that the need for disclosure is greater than the need for continued secrecy; and (3) that their request is structured to cover only materials so needed. See Douglas Oil at 222-23. Defendants cite United States v. Sells Engineering, 463 U.S. 418, 432 (1983) as espousing a per se rule that use of a criminal grand jury in a civil case is improper (doc. 25). Defendants also highlight the concerns raised by Douglas Oil, specifically the impact that disclosing a grand jury proceeding will have on the proper functioning of future grand juries in that persons called upon to testify might fear future retribution or social stigma as a result of their testimony. Douglas Oil at 222.

First, Defendants argue that Plaintiffs have failed to show that the material they seek is necessary to avoid a possible

injustice in the instant matter (doc. 25). Defendants submit that Plaintiffs appear to be seeking information regarding how the cocaine was field tested and/or weighed; this is information that is discoverable through written discovery and depositions and disclosure of the grand jury transcript is not necessary (Id.). In fact, note Defendants, despite already submitted discovery requests, Plaintiffs have not requested information on who field tested and/or weighed the cocaine (Id.). Plaintiffs' mere allegations, claim Defendants, in and of themselves, do not and cannot establish the particularized need required by Douglas Oil (Id.). Furthermore, Defendants aver that Plaintiffs have failed to identify what in the grand jury transcript would support Plaintiffs' claim that a conspiracy existed to frame the Plaintiffs (Id.). Thus, argue Defendants, Plaintiffs have failed to state a specific or "particularized" need for the transcript (Id.).

Second, Defendants argue that Plaintiffs have failed to show that their need for disclosure is greater than the need for continued secrecy (Id.). Defendants note that the transcripts contain detailed discussions regarding drug investigations and confidential informants (Id.). Discussions that should remain private as the officers and some of the civilians involved are still working in law enforcement in Adams County, Ohio (Id.). Additionally, Defendants submit that Plaintiffs have not shown an

inability to obtain the evidence elsewhere (Id.).

Third, Defendants contend that Plaintiffs have not structured or limited their request to include only those materials which meet their stated need (Id.). Rather, note Defendants, Plaintiffs have made a blanket request for the whole transcript. Accordingly, Defendants submit that Plaintiffs have failed the third prong of Douglas Oil (Id.). Given that Plaintiffs do not meet the requirements of Douglas Oil, the Defendants urge this Court to deny Plaintiffs' Motion (Id.).

In regards to Plaintiffs' Motion to Compel, Defendants argue that Plaintiffs have failed to meed their heavy burden of proving a need for the identity of the CI (Id.). Plaintiff Arnold Bentley, in deposition testimony, stated that he did not believe that CI exists (Id.). Furthermore, he testified that he did not believe that a CI did anything to violate his civil rights (Id.). Also, argues Defendants, Adams County, Ohio has a strong interest in keeping the identity (and, consequently, the safety) of its CI's secret (Id.).

This is especially true, note Defendants, given that a CI in Adams County was recently murdered by someone who indicated that he "killed snitches" (Id.). Roviaro v. United States, 353 U.S. 53 (1979) states a general privilege available to the government to withhold from disclosure the identity of persons who furnish to law

-8-

enforcement officials information concerning violations of law. Id. at 59. The application of Roviaro applies to both civil and criminal litigation. See e.g., Holman v. Cayce, 873 F.2d 944, 946 (6th Cir. 1989). This rule of Roviaro can be defeated where disclosure is "essential to a fair determination of a cause." Rovario at 62. In making this determination a court should examine the "relevance" of the informer's information to "possible defenses," the "possible significance" of the information, and "the seriousness of the litigation." Id.

In civil actions, where the CI was neither a witness to nor an active participant in the conduct which gave rise to the civil cause of action, the party seeking to compel disclosure of the identity of a CI will shoulder a formidable burden in establishing a justification for overriding the privilege. Holman at 947. Defendants assert that Plaintiffs have not alleged that the CI was either a witness or active participant in the purported conspiracy by the Defendants to violate the Plaintiffs' civil rights (doc. 25). Plaintiffs presumably seek the identity of the CI to ensure that Defendants did not fabricate the mere fact that a CI existed (Id.). The First Circuit in United States v. Estrella, 567 F.2d 1151 (1st Cir. 1977), the Court stated:

> . . . [C]ourts have emphasized that mere speculation as to the usefulness of the informant's testimony to the defendant is insufficient to justify disclosure of his

-9-

> identity. The defendant must indicate some concrete circumstances that might justify overcoming both the public interest in encouraging flow of information . . . and the informant's private interest in his own safety.

Id. at 1153. Having provided no factual support for their assertion that disclosure of the identity of the CI outweighs the need to keep his identity secret, the Defendants urge this Court to deny Plaintiffs' request (doc. 25).

In their Reply Memorandum, the Plaintiffs argue that Judge Rice's opinion in Horizon of Hope should control (doc. 26). Furthermore, Plaintiffs assert that Defendants' reliance on Sells Engineering for a general rule that "use of a criminal grand jury [transcript] in a civil case is improper per se" is misplaced (Id.). Plaintiffs quote from Engineering Sells the following language:

> Second, because the Government takes an active part in the activities of the grand jury, *disclosure to government attorneys for civil use* poses a significant threat to the integrity of the grand jury itself. If prosecutors in a given case knew that their colleagues would be free to use the materials generated by the grand jury for a civil case, *they might be tempted to manipulate the grand jury's powerful investigative tools to root out additional evidence useful in the civil suit, or even to start or continue a grand jury inquiry where no criminal prosecution seemed likely. Any such use of grand jury proceedings to elicit evidence for use in a civil case is improper per se*.

Engineering Sells at 432 (emphasis added). The Court agrees that the Defendants' reliance on Engineering Sells is misplaced. In

-10-

Engineering Sells, as aptly noted by Plaintiffs, the Government was requesting the disclosure of the grand jury proceedings, not protesting such disclosure as is the case here. As to Defendants' claim that the Plaintiffs have not structured or limited their request to include only those materials which meet their stated need, the Plaintiffs note that a narrow request is difficult with nothing in hand to indicate the precise nature of the testimony in the transcript (doc. 26). The Plaintiffs submit that they would be satisfied with an order from the Court that only after an in camera inspection should the Court order the turning over any transcripts from the grand jury (Id.).

The Court turns first to the issue of the CI. The Court agrees with Defendants that disclosure of the identity of the CI could potentially impede the willingness of others to provide information to law enforcement officers. Potential CI's undoubtedly would more likely fear for their safety if the possibility existed that their identity would be disclosed. Furthermore, the Court is not persuaded that the Plaintiffs have demonstrated "concrete circumstances that might justify overcoming both the public interest in encouraging flow of information . . . and the informant's private interest in his own safety." Estrella at 1153. Accordingly, Plaintiffs' Motion to Compel is not well-taken.

However, the Court finds Plaintiffs' Motion to

-11-

Release Grand Jury Transcripts well-taken.  As the Defendants aptly note, the decision whether or not to grant the Plaintiffs access to the grand jury testimony rests within the Court's sound discretion. Douglas Oil at 223.  Douglas Oil sets forth the factors a court should consider when deciding whether and how to exercise its discretion to release grand jury transcripts. Id.  The Court finds that Plaintiffs have stated a particularized need for the grand jury transcripts - a need which outweighs the necessity of continued secrecy especially given that the criminal matter in this case has concluded.

Furthermore, the Court finds illustrative Horizon of Hope.  In Horizon of Hope, the plaintiffs claimed a deprivation of their civil rights as do Plaintiffs in the instant matter.  The court in Horizon of Hope found the need for secrecy to be minimal as the criminal investigation of which the grand jury transcripts in question were a part had concluded.  Horizon of Hope at *3. Again, that is the case in the instant matter.  In order to limit any possible damage done by the disclosure of the grand jury testimony in Horizon Hope, the court limited said disclosure by a strict protective order.  Id. at *4.

**CONCLUSION**

Accordingly, pursuant to this Court's broad discretion, the requirements in Douglas Oil, and Rule 6(e)(3)(E)

-12-

(which provides for the disclosure of grand jury proceedings in conjunction with a pending judicial proceeding), the Court GRANTS Plaintiffs' Motion to Release Grand Jury Transcripts (doc. 23). Said release shall be RESTRICTED to initial review by this Court <u>in camera</u>. Furthermore, as noted above, Plaintiffs' Motion to Compel (doc. 20) is DENIED. The Discovery Cut-Off is hereby EXTENDED to February 3, 2006; the Dispositive Motion Deadline is EXTENDED to March 3, 2006; and a Final Pre-Trial Conference is SCHEDULED for June 1, 2006 at 9:00 A.M. with a one-week Jury Trial to COMMENCE July 18, 2005 at 9:00 A.M.

    SO ORDERED.


Dated: November 17, 2005      <u>s/S. Arthur Spiegel         </u>
                                       S. Arthur Spiegel
                                       United States Senior District Judge